**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

CRAIG TODD OSBORNE                                    PLAINTIFF

V.                      NO. 4:17CV00576 JM-JTR

NANCY A. BERRYHILL,
**Acting Commissioner,**
**Social Security Administration**                       DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent
to United States District Judge James M. Moody, Jr. You may file written objections
to all or part of this Recommendation. If you do so, those objections must: (1)
specifically explain the factual and/or legal basis for your objections; and (2) be
received by the Clerk of this Court within fourteen (14) days of this
Recommendation. By not objecting, you may waive the right to appeal questions of
fact.

## I.  Introduction:

Plaintiff, Craig Todd Osborne, applied for disability benefits on April 21,
2014, alleging a disability onset date of December 29, 2013 (Tr. at 19). After
conducting a hearing, the Administrative Law Judge ("ALJ") denied his application.
(Tr. at 29). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's
decision now stands as the final decision of the Commissioner. Osborne has

requested judicial review.

For the reasons stated below, the Commissioner's decision should be affirmed.

## II. **The Commissioner's Decision:**

The ALJ found that Osborne had not engaged in substantial gainful activity since the alleged onset date of December 29, 2013 (Tr. at 21). At Step Two, the ALJ found that Osborne has the following severe impairment: degenerative disc disease ("DDD"). *Id.*

After finding that Osborne's impairment did not meet or equal a listed impairment (Tr. at 36), the ALJ determined that Osborne had the residual functional capacity ("RFC") to perform the full range of light work, except that he would be limited to occasional kneeling, stooping, crouching, and/or crawling, and should avoid work hazards such as unprotected heights or dangerous moving machinery. (Tr. at 22).

The ALJ found that Osborne was able to perform past relevant work as a manager of a beauty college. (Tr. at 28). The ALJ made an alternative finding at Step Five. He relied on the testimony of a Vocational Expert ("VE") to find that, based on Osborne's age, education, work experience and RFC, other jobs existed in significant numbers in the national economy that he could perform, specifically garment bagger and counter clerk. (Tr. at 29). Consequently, the ALJ found that

Osborne was not disabled. *Id.*

## III. <u>Discussion:</u>

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B.    Osborne's Arguments on Appeal

Osborne contends that substantial evidence does not support the ALJ's decision to deny benefits. He argues that: (1) the Appeals Council erred in disregarding the opinion of Dr. C.E. Ransom, M.D.; and (2) the ALJ erred in disregarding evidence purporting to show Osborne suffered from severe mental impairments. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

In December 2013, Osborne was involved in a boating accident. (Tr. at 261). X-rays of the lumbar spine showed some soft tissue swelling and mild degenerative spurring. (Tr. at 254-255). Upon examination, Osborne had normal upper and lower extremity strength, normal sensation, and normal gait. (Tr. at 263). Normal examination findings are not indicative of disabling pain. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). Osborne was diagnosed with back pain and contusion. (Tr. at 264).

Osborne presented to Dr. Ransom on February 18, 2014 with chest congestion. (Tr. at 286). Dr. Ransom ordered a lumbar x-ray that showed transitional vertebra at the lumbosacral junction, and a fracture at L2. (Tr. at 312). These were the only records for Dr. Ransom, but Osborne submitted an opinion from Dr.

Ransom dated September 11, 2014, in which he stated that Osborne was entirely unable to work due to the fracture at L2. (Tr. at 34).

A CT scan of the lumbar spine on February 27, 2014 showed mild degenerative spurring and mild disc bulging. (Tr. at 255). Objective tests showing mild to moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). On August 13, 2014, Osborne saw Dr. Timothy M. Killough, M.D., for back pain that radiated to his right leg. (Tr. at 404). Dr. Killough prescribed Valium and Norco, and told Osborne that if he took his pain medication at bedtime he should be able to go to work. *Id*. Osborne told Dr. Killough he did not want to see a neurosurgeon. *Id*.

On August 26, 2014, physical examination showed normal gait and station with negative straight-leg raise. (Tr. at 271-272). Lumbar rotation and hyperextension produced pain. *Id*. Osborne was given a lumbar medial branch block and prescribed pain medication. (Tr. at 273). An MRI of the lumbar spine taken on September 24, 2014 showed possible compression fracture at L3 and facet hypertrophy at L5-S1. (Tr. at 366).

Neurosurgeon David Rubin, M.D., evaluated Osborne on September 29, 2014. He found full range of motion of the lumbar spine and extremities, with no muscle spasms or tenderness. (Tr. at 359-362). Straight-leg raise was again negative, and he

had normal strength and gait. *Id*. There was no atrophy or tenderness to palpation. *Id.* Dr. Rubin interpreted the previous MRI and found possible slight compression fracture, with no significant foraminal narrowing or canal stenosis. (Tr. at 363). An x-ray revealed mild degenerative changes throughout the lumbar spine. *Id*. Again, these mild findings do not correlate with disabling pain.

Over a year elapsed before Osborne saw Dr. Christopher Mocek, M.D. (Tr. at 445). Physical exam was normal, showing full range of motion and normal strength in extremities. (Tr. at 445-447). Straight-leg raise was negative and gait was normal. (Tr. at 448). Osborne had some pain on flexion and extension of the lumbar spine. (Tr. at 448). He was prescribed Hydrocodone. *Id*.

In May and June 2016, Osborne said that pain medication was effective. (Tr. at 440-443). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). In August 2016, he told Dr. Mocek that his back pain was mild, and he declined steroid injections. (Tr. at 433-434). A failure to follow a recommended course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) Lumbar x-ray showed no instability. (Tr. at 434). Osborne's back pain appeared to be under control.

Osborne asserts that the Appeals Council should have given greater weight to

the opinion of Dr. Ransom, who said that Osborne could not work due to back pain. (Tr. at 34). The Appeals Council reviewed that opinion and found that it did not show "a reasonable probability that it would change the outcome of the decision." (Tr. at 2). Presumably, the Appeals Council reviewed the record and found scant evidence of treatment by Dr. Ransom, and certainly not enough objective evidence to warrant the opinion that Osborne was precluded from all work. It is worth noting that Dr. Ransom does not support his opinion with reference to objective testing or clinical examinations, nor does he prescribe aggressive treatment. A conclusory opinion has little evidentiary value when it cites to no medical evidence and provides little or no elaboration. *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012). Mild objective findings, negative straight-leg raise, normal range of motion, and positive response to medication all indicate that Osborne's back pain was not disabling. A one-page letter from Dr. Ransom does not outweigh the rest of the medical evidence, including the opinions of two state medical consultants who found Osborne capable of performing light work. (Tr. at 70, 82). The Appeals Council correctly discounted Dr. Ransom's unsupported opinion.

Osborne's argument that the ALJ should have found mental impairments to be severe fails as well. The claimant has the burden of proving that an impairment is severe, which by definition significantly limits one or more basic work activities.

*Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); *see Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); 20 C.F.R. § 404.1521(a). If the impairment would have no more than a minimal effect on the claimant's ability to do work, then it does not satisfy the requirement of Step Two. *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

Osborne did not allege mental impairments in his initial application or at the hearing. (Tr. at 64). *See Partee v. Astrue*, 638 F.3d 860, 864 (8th Cir. 2011)(in affirming ALJ's finding of no mental impairment, the court noted that claimant did not allege a mental impairment on the application for benefits). Osborne did not seek formal mental health treatment. He did not require hospitalization for mental illness. *Smith v. Shalala*, 987 F.2d 1371, 1374-75 (8th Cir. 1993)(when a claimant has not treated his anxiety, the ALJ is justified in ruling out anxiety as an impairment). And four mental status exams from May 2015 to August 2016 showed cooperative attitude, pleasant mood and affect, and normal thought processes. The ALJ properly found that Osborne did not have severe mental impairments.

## V.   Conclusion:

There is substantial evidence to support the Commissioner's decision that Osborne was not disabled. The Appeals Council properly discounted the opinion of Dr. Ransom, and the ALJ correctly found Osborne had no severe mental

impairments.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be

AFFIRMED and that the case be DISMISSED, with prejudice.

DATED this 15th day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE